**Edmont SHURDHO, Entela Shurdho, Joana Shurdho, Joela Shurdho, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**Nos. 03–40645–ag(L); 03–40647(Con); 04–4820(Con).**

United States Court of Appeals, Second Circuit.

June 1, 2006.

Michael P. DiRaimondo, DiRaimondo & Masi LLP, Marialaina L., Masi, Mary Elizabeth Delli–Pizzi, of Counsel, Melville, NY, for Petitioner.

Paul J. McNulty, United States Attorney, George M. Kelley, III, Assistant United States Attorney, Norfolk, VA, for Respondent.

PRESENT: Hon. JAMES L. OAKES, Hon. THOMAS J. MESKILL and Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Edmont Shurdho petitions for review of a BIA decision affirming the decision of an immigration judge ("IJ") denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), and a BIA decision denying his motion to reopen. We assume the parties' familiarity with the underlying facts and procedural history of the case.

As a threshold matter, we note that our jurisdiction over this case is not affected by the fact that the proceedings below were "asylum only" proceedings, rather than removal proceedings. *See Kanacevic v. INS*, 448 F.3d 129, 133, 135 (2d Cir. 2006).

When, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003. 1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 58 (2d Cir. 2005); *Yu Sheng Zhang v. U.S. Dep't of Justice*, 362 F.3d 155, 158 (2d Cir.2004). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Secaida–Rosales v. INS*, 331 F.3d 297, 306–07 (2d Cir.2003).

The IJ found Shurdho not credible based on inconsistencies between his testimony, his wife's testimony, and a letter from the police commander of the "Immediate Deployment Forces" concerning when and why he left the police force. The IJ also found Shurdho incredible based on the vagueness of his testimony concerning his alleged duties with the police force. As a result of these findings, the IJ concluded that Shurdho had not established that he ever worked for the police force.

The IJ's finding that Shurdho's testimony was vague with regard to his alleged duties with the police force is not supported by the record. Although Shurdho did not testify in great detail about his alleged police duties, he did provide details when asked about his activities. The IJ did not indicate either why he considered these details to be vague or where he believed that Shurdho failed to provide an adequate explanation. *See Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 151 (2d Cir. 2003); *Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 114 (2d Cir.2005). Similarly, the IJ also found Shurdho not credible because his testimony was vague concerning his involvement with the Democratic Party. However, considering that both Shurdho and his wife provided details of his involvement with the party, and neither was asked for further details, the finding on this point cannot stand either. *See id.*

Further, the IJ found Shurdho incredible because, in his asylum application, Shurdho indicated that the police began to threaten him for taking part in protests, while in his testimony, he only mentioned one incident where he was slapped during a protest and did not indicate that he received any threats from the police during this time. This finding is based on a misreading of the record. In his asylum application, Shurdho claimed that "[a]fter 1997, [he] took part in demonstrations and protests against the government ... police began to threaten me for taking part in these protests ... [and] tell me that there was no place in Albania for people like

me." Similarly, in his testimony, Shurdho stated that after 1997, he and his family were threatened because of his prior position as a police officer and because he was a member of the Democratic Party, and that the police "hit [him] ... and threatened me and about my family ... and they were telling [him] to take hands out of [his] party."

While a number of the IJ's reasons are supported by the record, these are not sufficient to allow us to uphold the adverse credibility finding in light of the flaws noted above. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 159–65 (2d Cir. 2006); *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 395 (2d Cir.2005). Upon remand, if the agency finds that Shurdho has established past persecution, it may wish to consider whether the return to power of the Democratic Party in Albania through general elections in July 2005, *see Latifi v. Gonzales,* 430 F.3d 103, 106 n. 1 (2d Cir.2005), establishes a fundamental change in circumstances such that Shurdho no longer has a well-founded fear of persecution, *see* 8 C.F.R. § 208.13(b). Because we are remanding this case, Shurdho's challenges to the BIA's streamlining and to the denial of his motion to reopen will not be considered by this Court. Moreover, because Shurdho did not raise the issue of CAT before the BIA, he has failed to satisfy, with respect to that claim, the statutory exhaustion requirement on which this Court's jurisdiction is predicated. *See* 8 U.S.C. § 1252(d)(1); *Gill v. INS,* 420 F.3d 82, 86 (2d Cir.2005).

For the foregoing reasons, we GRANT the petition, VACATE the BIA's decision, and REMAND to the BIA for further proceedings consistent with this decision. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).